No. 3721.—SAMUEL DICKSON *v*. THE SUCCESSIONS OF JOHN and AMELIA COMPTON.

An executor can not bind the estate he represents by the acknowledgment of a debt which is already prescribed, nor can he bind the estate by giving a new note in the place of one already prescribed.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Osborn*, J. *James G. White*, for plaintiff and appellee. *Thomas C. Manning*, for defendants and appellants.

TALIAFERRO, J. The plaintiff sues a number of persons, whom he alleges are the heirs and legal representatives of John and Amelia Compton, deceased, on a promissory note executed in his favor by L. G. Compton, in his capacity of executor of the successions of his father and mother, and upon an account for work and labor done by him as a brick mason on the two plantations belonging to those successions. The note sued upon is dated October 15, 1867; is made payable twelve months after date; is for the sum of $1789 75, bearing eight per cent. interest from date, and expresses that it was for brick work done on the plantations. L. G. Compton, the executor who gave this note, died, it seems, early in 1868, and no dative testamentary executor or other representative of these successions has since been appointed. The open account sued on is for $461, for work and labor done during the years 1866, 1867 and 1868.

The answer is a general denial. The prescription of three years is pleaded to the open account, and they deny any liability on the note sued upon. They aver that it was given by the executor, L. G. Compton, in renewal of a previous note, which was prescribed at the time the note sued on was given. The plaintiff had judgment in his favor on the note, but his demand on the account was rejected as being prescribed. The plaintiff appears to have acquiesced in the judgment, as he has not appealed from it. The defendants have appealed.

The defense seems to be made out. John Compton, it seems, died in 1855, and his wife, Amelia, in 1857. Their son, L. G. Compton, appears to have carried on both plantations in his capacity of executor until the time of his death in 1868. The note in question was given by the executor ten years or more after the death of his ancestors. The plaintiff, by his own testimony, states the facts in regard to the taking up of the original note by the executor, as follows: "The old note was signed the same as the one sued on, and was given just before the war, and was for about $4000. I knocked off a good deal, say between $800 and $1000. At the date of the last note I bought some sugar cane for Branch Tanner from L. G. Compton, about $2250 worth; that amount was placed on credit on the old note, and the note sued was given for balance due me. No other credit was on the old note except the sugar cane."

It is a matter of historical notoriety that the war commenced in the early part of the year 1861. The old note, then, must have been given in 1860 or early in 1861, and it was prescribed at the date of the new note, the one sued on.

It has been frequently decided that an executor or administrator is without power to bind an estate by acknowledging a debt against an estate already prescribed, and in the case of Lafon's Heirs v. His Executors, it was held that executors can not even by payment, if unauthorized by the proper court, deprive creditors, legatees and heirs of the protection of an acquired prescription. 3 N. S. 716. See also 12 Rob. 16; 21 An. 373; 22 An. 445.

It is therefore ordered, adjudged and decreed that the judgment of the district court, so far as it sustained the plea of prescription plead against the account sued on, be affirmed; but in regard to the note, that its decree be annulled, avoided and reversed. It is further ordered and adjudged that there be judgment in favor of the defendants, the plaintiff and appellee paying costs in both courts.